UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
CARL SNYDER
            Petitioner,

                                                    MEMORANDUM & ORDER
     -against-                                          04 CV 3774

JOSEPH SMITH, Supt., Shawangunk
  Correctional Facility,

           Respondent.
------------------------------------------------------X
DEARIE, Chief Judge.

      On a Sunday evening in October 1998, at least 27 bullets were shot from four different weapons into the center mall in the Red Hook Projects in Brooklyn, leaving one man dead and another injured. Following a jury trial, petitioner Carl Snyder was convicted of second degree murder, first degree criminal possession of a weapon, and first degree assault for his role in this shooting spree. Three eyewitnesses, including one of the participants in the crime who pleaded guilty, identified petitioner at trial as one of the shooters. The cooperator-participant also identified the specific weapons that petitioner and each of the other shooters carried, and implicated petitioner in the planning of the attack, which was targeted at a rival drug seller. Petitioner is serving a prison sentence of 26 years to life as a predicate felon.[1]

      Having pursued his direct appeal and post-conviction remedies in state court, petitioner now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth

---

[1] Because the proof did not show the assault victim's physical injury to be "serious," the Appellate Division reduced the assault conviction from first to second degree but otherwise affirmed. People v. Snyder, 294 A.D.2d 381, 382 (2d Dep't 2002). Petitioner was thereafter re-sentenced on the assault conviction to 3 ½ instead of 8 years.

1

below, petitioner's application is denied, and the petition is dismissed.

## DISCUSSION

The most vigorously asserted of petitioner's claims is a challenge to the trial court's ruling that precluded petitioner, while he was testifying, from disclosing a civilian complaint he had filed in an earlier matter against one of the detectives investigating this case. Petitioner contends that this detective, biased against him because of the complaint, pressured the eyewitnesses to falsely implicate petitioner. Although the trial court admitted the testimony that petitioner and the detective—Patrick Talbot, a 31-year department veteran—previously knew each other, the court sustained the People's objection to questions about the alleged complaint, ruling that the defense had failed to lay an adequate foundation for the evidence because Talbot, who had already testified, was not cross-examined about the incident. T. 613-18.

Petitioner argues that the evidentiary ruling deprived him of his constitutional right to present a complete defense. He contends that he is not required to confront a state witness about motive to fabricate at the time he or she testifies but may bring it in, as he sought, through the defense case. In any event, at trial counsel argued that the earlier testimony about Cabot's time with Talbot was sufficient foundation. T. 617.

The Second Circuit's reasoning and result in Jimenez v. Walker, 458 F.3d 130 (2d Cir. 2006), are controlling here and preclude habeas relief. Because the Appellate Division disposed of this claim by stating, after a discussion of other appellate issues, that petitioner's "remaining contentions are without merit," People v. Snyder, 294 A.D.2d at 382, this Court must presume adjudication on the merits and afford AEDPA deference. Jimenez, 458 F.3d at 146. Reviewing

a silent state-court adjudication for the same error alleged here, the Second Circuit in Jimenez explains that, "[f]or a writ of habeas corpus to issue, we must conclude not only that the trial court's exclusion of the . . . evidence was unconstitutional but that it was so plainly unconstitutional that it was objectively unreasonable for the Appellate Division to conclude otherwise." 458 F.3d at 147 (citing Williams v. Taylor, 529 U.S. 362, 409-10, 412 (2000) (emphasis added)). The Court does not so find in this case.

The Supreme Court has clearly established that the "the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" Crane v. Kentucky, 474 U.S. 683, 690 (1986) (citing California v. Trombetta, 467 U.S. 479, 485 (1984)). The exclusion of evidence violates this right only if the evidence "creates a reasonable doubt that did not otherwise exist" as evaluated "in the context of the entire record," United States v. Agurs, 427 U.S. 97, 112 (1976), and if it is excluded pursuant to a rule that is "arbitrary" or "disproportionate to" the purposes that the rule is intended to serve. Rock v. Arkansas, 483 U.S. 44, 55-56 (1987). "If there is no reasonable doubt about guilt whether or not the additional evidence is considered, there is no justification for a new trial." United States v. Agurs, 427 U.S. at 113. As the Second Circuit's review of these Supreme Court authorities concludes, "[t]he Constitution prohibits the pointless or arbitrary exclusion of material evidence." Jimenez, 458 F.3d at 147. Errors of this type, however, are subject to harmless-error analysis. Brecht v. Abrahamson, 507 U.S. 619, 638 (1993).

This Court cannot find that the excluded testimony, "in the context of the entire record," United States v. Agurs, 427 U.S. at 112, would have "create[d] a reasonable doubt that did not otherwise exist." Id. Here, as the Second Circuit concluded in Jimenez, the Appellate Division

3

"could have reasonably concluded that [petitioner's] chain of inferences . . . is simply too tenuous," and that even if admitted, the jury might "still have discounted the testimony supporting [petitioner's] theory." 458 F.3d at 148. The record confirms that the three eyewitnesses who testified against petitioner did not name him as a gunman in their original statements to authorities, but at trial each offered reasons for the discrepancy that were entirely reasonable for a jury to accept. Likewise, although the key cooperator-participant spent approximately three hours with Talbot before speaking with the assistant district attorney, the two were not alone; Detective Dimaria, lead detective on the case, was present and participated in the interview. Most critically, petitioner has not offered this or any court a copy, or even a file number, of the alleged civilian complaint against Talbot.

Even assuming the existence of such a complaint, petitioner's chain of inferences derive neither from logic nor evidence but only speculation. That Talbot was bent on retaliation to the point of jeopardizing his career, and pressured witnesses in the presence of the lead investigator to falsely implicate petitioner, are conclusions the Constitution does not require the jury to have reached. Thus, the trial court's exclusion of the civilian complaint testimony was not "so plainly unconstitutional that it was objectively unreasonable for the Appellate Division to conclude otherwise." Jimenez, 458 F.3d at 147.

Whatever ground petitioner hoped to gain by the fabrication and framing arguments, it is clear that he *did* present his defense to the jury. That defense, as he himself testified, was simply that he did not commit the crime. Petitioner's brother also testified, offering an alibi, and a defense ballistics expert sought to discredit one eyewitness's account of where the shooter must have fired from. The jury's rejection of these defense witnesses offers faint hope that the same

4

jury would have nonetheless believed petitioner's theory that he was framed.

Also before the Court is petitioner's motion to amend his petition to raise three new claims that he did not raise on direct appeal or in his 440 papers. That motion is denied. Petitioner addressed these new claims for the first time in a supplemental brief to the Appellate Division that he filed pro se, after his assigned counsel filed an Anders brief, on the appeal of his post-remand re-sentencing on his reduced assault conviction. The Appellate Division correctly determined both that these issues were not even properly before it, and that none was "nonfrivolous." People v. Snyder, 7 A.D.3d 819, 820 (2d Dep't 2004).[2]

Petitioner's remaining claims are mostly unpreserved, but in any event either fail to raise a federal question or lack merit:

(1) *Unfair Marshalling of Evidence when Charging on Identification.* The Appellate Division concluded that this claim was not preserved for review and in any event lacked merit. People v. Snyder, 294 A.D.2d at 382. The Court does not find that determination to be contrary to or an unreasonable application of any Supreme Court authority. See Johnson v. Scully, 727 F.2d 222, 227 (2d Cir. 1984) ("[t]he marshalling of evidence is not subject to an equal time requirement").

(2) *Ineffective Assistance of Trial Counsel.* On petitioner's 440 motion, the trial court

---

[2]Petitioner's contention that the assault charge is "duplicitous" because "there were multiple weapons" and "no way to distinguish which weapon" he was convicted of using is utterly frivolous: Cabot testified specifically that petitioner was using a .357 (T. 173), and the ballistics expert explained that .357's do not eject shell casings. T. 453, 460. The related claim that counsel assigned to appeal the assault re-sentencing was ineffective for failing to raise this claim is likewise without merit. The third new claim, that petitioner should not have been tried for second degree murder because Cabot pleaded guilty to a less serious charge, is also frivolous.

5

correctly found this omnibus claim procedurally barred, and its careful consideration and rejection on the merits of each of the eleven branches of this claim was not contrary to or an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984).

(3) *Violations of N.Y. Criminal Procedure Law §§180.80, 140.20 and 190.50.* This interwoven claim challenges the state's compliance with its own pre-trial procedural rules. Section 180.80 prohibits the state from holding a defendant arrested on a felony complaint for longer than five days without either disposing of the felony complaint or commencing a hearing; section 140.20 prohibits unreasonably delayed arraignments, and section 190.50 expressly allows a defendant under specified circumstances to testify before the grand jury. Petitioner does not assert that any statement or evidence was improperly obtained during this period, but challenges only the fact of the delay, and the denial of an opportunity to testify before the grand jury.

Petitioner fully presented these procedural claims in his 440 motion, and the 440 court found them statutorily barred from review because they were based on facts in the record and not raised on direct appeal. See N.Y. C.P.L. §440.10(2)(c). This Court, therefore, cannot review them because petitioner has not shown cause for the default, actual prejudice, or that a miscarriage of justice would otherwise result. Coleman v. Thompson, 501 U.S. 722, 729-30 (1991).

In any event, the 440 court's decision can fairly be read as having held, in the alternative, that these claims lack merit, the court having concluded specifically that the "facts set forth in defendant's motion papers, even if true would not require vacatur of the judgment of convictions." That determination is not contrary to or an unreasonable application of any Supreme Court law; to the contrary, the claims raise only questions of state law not cognizable

on habeas. See Alexander v. Louisiana, 405 U.S. 625, 633 (1972) (no federal constitutional right to testify before the grand jury in state prosecutions); Holland v. Allard, 2005 WL 2786909, *5 (E.D.N.Y) (denial of right to testify before grand jury rendered harmless by conviction at trial by a jury assessing guilt under a heightened standard of proof, precluding habeas relief); Ramos v. Phillips, 2006 WL 3681150, *3 (E.D.N.Y.) (habeas petitioner's C.P.L. 140.20 claim, "to the extent that it is based solely upon a delay in his arraignment, is not cognizable, as it does not implicate any constitutional right"); Holmes v. Scully, 706 F. Supp. 195, 200 (E.D.N.Y. 1989) ("delay in arraigning a state defendant is not, in itself, a constitutional violation"). See also Fernandez v. Dalsheim, 1989 WL 105815, *6 (S.D.N.Y.,1989) (finding C.P.L. 180.80 claim does not raise constitutional issue where state court had found no violation of state law), aff'd, 916 F.2d 709 (2d Cir. 1990); Holland v. Allard, 2005 WL 2786909 at *4 (eventual indictment by grand jury moots claim that C.P.L. Article 180 hearing was denied); Malsh v. Hanslmaier, 1996 WL 204347, *7 (N.D.N.Y.) (because state may bypass 180.80 hearing by proceeding directly to grand jury, non-occurrence of hearing is not grounds for habeas), aff'd 102 F.3d 69 (2d Cir. 1996).

## CONCLUSION

For all of the foregoing reasons, the application for relief is denied and the petition is dismissed. Because petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue. In addition, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be

taken in good faith. <u>Coppedge v. United States</u>, 369 U.S. 438 (1962). The Clerk of the Court is directed to close this case.

SO ORDERED.
Dated: Brooklyn, New York
      May 6, 2008

                                        RAYMOND J. DEARIE
                                        United States District Judge