UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
CARL SNYDER
                Petitioner,

                                                                             MEMORANDUM & ORDER
       -against-
                                                                             04 CV 81

JOSEPH SMITH, Supt., Shawangunk
  Correctional Facility,


                Respondent.
------------------------------------------------------X
DEARIE, Chief Judge.

      Petitioner Carl Snyder was convicted, after a jury trial at which he testified in his own behalf, of second degree murder for his role in a fatal shooting spree in a Brooklyn housing project in 1998, and sentenced to 26 years to life. By Memorandum and Order dated May 6, 2008, this Court denied petitioner's application under 28 U.S.C. § 2254 for a writ of habeas corpus, see Docket #17; final judgment was entered the following day. See Docket #18. Petitioner now seeks relief from that judgment in a document captioned "Motion for Issuance of a 60(b)(4), (6)." Docket 23.

      The motion is denied as untimely.

      Under Rule 60(c), the timeliness of a Rule 60(b) motion depends upon which of 60(b)'s six distinct "[g]rounds for relief" the movant invokes; that section provides that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3), no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c). Petitioner "filed" his motion on February 4, 2010, a few days shy of *twenty* months after entry of the judgment from

1

which he seeks relief, and thus well beyond the one-year period applicable to most 60(b) motions.[1] Because petitioner has invoked *only* grounds *(4) and (6)*, however, his motion appears to survive the one-year bar and require the Court to consider, instead, whether the twenty-month period between judgment and motion is a "reasonable time" within the meaning of 60(c). Even that inquiry, however, appears to have been rendered a mere formality under the precedent of this Circuit:

> [E]ven though a Rule 60(b)(4) motion "must be made within a reasonable time" . . . . "[c]ourts have been exceedingly lenient in defining the term 'reasonable time,' with regard to voidness challenges [i.e., ground (4)]. In fact, it has been oft-stated that, for all intents and purposes, a motion to vacate a default judgment as void may be made at any time."

Trustees of Local 531 Pension Fund v. American Indus. Gases, Inc., --- F. Supp. 2d ----, 2010 WL 1687661, *2 (E.D.N.Y. Apr. 26, 2010) (quoting Beller & Keller v. Tyler, 120 F.3d 21, 24 (2d Cir. 1997)).

Nevertheless, the Court finds that petitioner's motion *is* untimely, and further finds, as steward of its own jurisdiction, that it is imperative that it deny the motion on this ground rather than follow the common practice of making lenient assumptions in a *pro se* prisoner's favor on the procedural question and proceeding to deny the application on the merits. To do otherwise would be to cede victory to a spate of utterly frivolous, utterly stale prisoner applications.

Rule 60(b)(4) authorizes relief when "the judgment is void," and a judgment is considered "void" within the meaning of this provision "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, *or if it acted in a manner inconsistent with due*

---

[1] See Houston v. Lack, 487 U.S. 266, 267 (1988) (*per curiam*) (establishing the "bright line rule" that the "moment of filing" is "the moment when the pro se prisoner necessarily loses control over [what he is filing]: the moment of delivery to prison officials for forwarding").

*process of law.*" Grace v. Bank Leumi Trust Co. of New York, 443 F.3d 180, 193 (2d Cir. 2006) (internal quotation marks and citation omitted) (emphasis added). Seizing on the italicized language, petitioner has asserted, under several discrete point headings in a memorandum of law filling 28 pages, that the Court "acted in a manner inconsistent with due process of law" when it denied the due-process-based and other constitutional claims that he raised in his habeas petition and that the "integrity" of the Court's decision denying the petition is therefore "void" within the meaning of 60(b)(4). In substance, however, each of petitioner's claims is plainly an assertion that the Court got it wrong the first time around and should reach a different result. Thus, the claims are, at their core, *appellate* in nature (rather than a species of reconsideration), inasmuch as petitioner does not even point to anything in the record that was overlooked or any legal considerations that the Court might have misapprehended. To the extent the claims embody any species of true "reconsideration" material, the time for moving in this Court on those bases has also long expired. See Fed. R. Civ. P. 59 (e) (motion to amend or alter judgment must be made within 28 days after the entry of judgment); Fed. R. Civ. P. 60(c) (as discussed, motion under grounds (1), (2) or (3) of Rule 60(b) must be made within one year of judgment).

The Court finds that it is neither sufficient nor entirely accurate to declare the claims raised in petitioner's motion to be merely meritless or frivolous because such a declaration implicitly endorses petitioner's tactical mislabeling of the claims (i.e., as arising under 60(b)(4)). Indeed, the circular rhetoric that petitioner uses to advance his *faux* claims (i.e., "it is a denial of due process to deny a due process claim") borders on outright mockery of the important legal concepts he purports to invoke and must not be tolerated, even in the name of latitude toward the unrepresented. Petitioner is no fledgling filer. Therefore, because petitioner cannot avail himself

of the "at any time" limitations life raft reserved for true 60(b)(4) claims, his motion is time-barred and it is this Court's duty to deny it on that ground.[1]

The "motion for issuance of a 60(b)(4),(6)" is denied in its entirety.

SO ORDERED.

Dated: Brooklyn, New York
August 20 2010

s/Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge

---

[1] Although petitioner's motion also cites ground (6) of Rule 60(b), which allows a party to move for "any other reason that justifies relief," his papers do not address it independently of ground (4) and, in any event, as the foregoing demonstrates, the Court finds nothing in petitioner's papers that would "justif[y] relief" from the Court's 2008 decision denying his application for a writ of habeas corpus.

4